IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN STEPHENS,

        Petitioner,

v.                                           Civil Action No. 1:17cv147
                                                (Judge Kleeh)

S. KALLIS, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 23, 2017, the *pro se* Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who was incarcerated at FCI Hazelton[1] and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Michigan. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[2]

  A. **Conviction and Sentence**

On November 14, 2007, Petitioner was charged in a superseding indictment with Count 1, conspiracy to distribute and possess with intent to distribute 50 grams or more of a substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846; Count

---

[1] Petitioner has since been transferred to FCI Yazoo City Medium, at Yazoo, Mississippi.

[2] The facts are taken from the Petitioner's criminal Case No.1:07-cr-20531-TLL-PTM in the United States District Court for the Eastern District of Michigan, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'"). Unless otherwise noted, all ECF numbers in this section refer to the criminal case.

.

21, distribution of 50 grams or more of cocaine base, commonly known as crack cocaine, on October 1, 2007, in violation of U.S.C. § 841(a))(1) and (b)(1)(A)(iii); and Count 23, distribution of five grams or more of a substance containing cocaine base, commonly known as crack cocaine, on October 17, 2007, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(B)(iii). ECF No. 41. On February 5, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Petitioner had been previously convicted of two felony drug offenses in Saginaw County and was subject to the enhanced penalty provisions. ECF No. 76.

On July 21, 2008, Petitioner pleaded guilty to Count 22 of the superseding indictment and Counts 1 and 21 were dismissed pursuant to the Rule 11 agreement. ECF No. 140. In the plea agreement, the government noted that it recommended that the court determine the applicable guideline range as 120 to 150 months, whereas Petitioner requested that the court determine a range of 70 to 87 months. ECF No. 140 at 4. A presentence investigation report was prepared that categorized Petitioner as a career offender pursuant to USSG § 4B1.1, which increased his sentencing guideline range from 130 to 162 months in prison to 262 to 327 months in prison. The predicate convictions for the career offender enhancement were attempted delivery of cocaine and fleeing third degree.

A sentencing hearing was held; the court asked Petitioner whether he wished to withdraw his plea, because the Rule 11 plea agreement noted that any subsequent career offender designation was one of the specific exceptions that would permit him to do so. ECF No. 224 at 4 - 5. Based on the choices Petitioner faced if he were to withdraw his plea, which would include reinstatement of the other counts (1 and 21), Petitioner indicated that he did not want to withdraw his plea and that he was "going to go with the career offender." Id. at 6-7. Petitioner was sentenced on January 29, 2009, the second day of the sentencing hearing. On February 5, 2009, judgment was entered, and Petitioner was committed to the Bureau of Prisons for 262 months. ECF No. 211 at 2.

### B. Direct Appeal

Petitioner appealed and on August 30, 2010, the Sixth Circuit affirmed the conviction and sentence. ECF No. 258. Petitioner argued on appeal that the District Court erred by sentencing him as a career offender, that the District Court erred by failing to take into account his age, absence of previous gun charges, and minor roles when considering sentencing factors under 18 U.S.C. § 3553(a), and that, as a result, his sentence was procedurally unreasonable. The Sixth Circuit held:

> As we have consistently rejected [Petitioner's] argument that the Michigan crime of fleeing and eluding in the third degree is not a "crime of violence" within the meaning of the Guidelines, we find that the district court did not err in characterizing [Petitioner] as a career offender. As the district court's analysis of the 3553(a) factors, while brief, was sufficient, we also find that the district court did not err in sentencing [Petitioner] and that [Petitioner's] sentence was not procedurally unreasonable. Accordingly, we affirm the district court's sentence.

ECF No. 258 at 13.

### C. Petitioner's First Motion to Vacate

On April 27, 2012, Petitioner filed a motion to vacate his sentence. ECF No. 293. In the motion, Petitioner contended in ground one that his trial counsel was ineffective because "[t]he performance of counsel fell below an objective standard of reasonableness." Id. at 4. Petitioner cited numerous cases but did not make any specific argument as to why he believed counsel was ineffective. Id. at 18-32. Ground two asserted that counsel was ineffective because "t]he mandatory application for career offender guidelines should have merited a motion for downward departure." Id. at 5, 33-44. Ground three contended that counsel was ineffective because he "failed to request a variance from the career offender designation under USSG 4A1.3." Id. at 7, 45-48. Petitioner's last ground, ground four, argued that counsel was ineffective because he "ought to have objected to the use of Petitioner's prior conviction, suffered at age 17, which resulted in a sentence of probation, as a Career Offender predicate. Id. 8, 49-50.

3

On August 31, 2012, the district court denied Petitioner's § 2255 motion. In addition, the court declined to issue a certificate of appealability. ECF No. 312. Petitioner filed a Notice of Appeal on October 18, 2012. ECF No. 320. On October 30, 2013, the Sixth Circuit Court of Appeals denied Petitioner's application for a Certificate of Appealability. ECF No. 339.

### D. Petitioner's Second Motion to Vacate

On January 11, 2016, Petitioner filed a second Motion to Vacate pursuant to 2255(f)(3), in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 387. On September 23, 2016, the United States filed a motion to stay litigation pending the Supreme Court's decision in Beckles v. United States, in which it granted a petition for writ of *certiorari* to decide whether the holding of Johnson applied to the residual clause of the career offender guideline, USSG § 4B1.2(a)(2). ECF No. 408. On September 27, 2016, the district court granted the motion to stay. ECF No. 411.

On April 4, 2017, Petitioner gave notice that his motion to vacate sentence was voluntarily dismissed. ECF No. 414. On April 7, 2017, an order was entered dismissing Petitioner's motion to vacate sentence pursuant to his request and closing the civil action. ECF No. 415. In its order, the district court noted that on March 6, 2017 the Supreme Court reached a decision in Beckles, holding that the sentencing guidelines are not subject to void for vagueness challenges under the fifth amendment due process clause. Beckles v. United States, 137 S.Ct. 886 (2017).

### E. First Step Act

On May 30, 2019, the district court entered an order regarding a motion for sentence reduction under the First Step Act of 2018. Pursuant to the stipulation of the parties, Petitioner's previously imposed sentence of imprisonment of 262 months was reduced to 188 months. In addition, his term of supervised release was reduced from 8 years to 6 years. ECF No. 452. Petitioner's current projected release date pursuant to a good conduct time is August 8, 2021. See

4

bop.gov./inmateloc/.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner relies on two theories, which are parallel. First, he alleges that his Michigan conviction for attempted delivery of cocaine is not a controlled substance offense under the career offender guidelines, USSG 4B1.2(b). In addition, he alleges that his Michigan conviction for fleeing and eluding is not a crime of violence within the meaning of the career offender guidelines. Therefore, he argues that he was improperly sentenced with a career offender enhancement. For relief, Petitioner requests that his sentence be vacated, and he be resentenced without the career offender enhancement.

### IV. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court

5

can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## V. ANALYSIS

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler[5] test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner met the first, second and third prongs, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a

---

[5] The undersigned recognizes that Petitioner filed this case before Wheeler was decided. However, it the current standard for reviewing § 2241 petitions challenging a sentence, and therefore, must be applied.

misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker,[6] when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, *advisory* Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced in 2009, under the post-Booker advisory Guidelines, regardless of whether there was a misapplication of the guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without

---

[6] United States v. Booker, 543 U.S. 220 (2005).

[7] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 3, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE