IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN STEPHENS,**

    **Petitioner,**

**v.**                                       **Civ. Action No. 1:17-CV-147**
                                                            **(Kleeh)**

**S. KALLIS, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13]
AND DENYING AND DISMISSING PETITION [DKT. NO. 1]**

On August 23, 2017, the pro se Petitioner, Kevin Stephens ("Stephens" or "Petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner, a federal inmate who was incarcerated at FCI Hazelton[1], challenges the validity of his sentence as imposed by the United States District Court for the Eastern District of Michigan [Dkt. No. 1]. Stephens specifically contests the application of the career offender guidelines to his sentence [Id..]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review.

On June 3, 2020, Magistrate Judge Aloi entered a Report and Recommendation ("R&R"), recommending that the petition be denied

---

[1] Petitioner has since been transferred to FCI Yazoo City Medium, at Yazoo, Mississippi.

and dismissed without prejudice [Dkt. No. 13 at 10]. The R&R also informed Petitioner that he had fourteen (14) days from the date of service of the R&R within which to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." [Id.]. It further warned Stephens that the "[f]ailure to file written objections . . . shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. The Petitioner was served with a copy of the R&R on June 8, 2020 [DKt. No. 14] but, to date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because Petitioner has not objected to the R&R, the Court is under no obligation to conduct a de novo review. Accordingly, the

Court reviewed the R&R for clear error.  The Court agrees with the finding of the Magistrate Judge that subject matter jurisdiction does not exist [Dkt. No. 13 at 9-10].  As determined by the Magistrate Judge, prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction [Id. at 6].  A petition under § 2241 is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated [Id.].  There is a savings clause in § 2255 that allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."[2]  28 U.S.C. § 2255(e).  The Petitioner bears the burden of showing that the § 2255 is inadequate or ineffective and the standard is exacting [Dkt. No. 13 at 7].  Here, Petitioner fails to meet the standard and the Court lacks subject matter jurisdiction over the § 2241 petition.

Upon careful review of the R&R, the Court:

    (1) **ADOPTS** the R&R [Dkt. No. 13] for reasons more fully stated therein;

---

[2] The law is clear, however, that relief under § 2251 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

(2) **DENIES** and **DISMISSES WITHOUT PREJUDICE** the petition [Dkt. No. 1]; and

(3) **STRIKES** this action from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se prisoner, via certified mail, return receipt requested.

**DATED:** June 23, 2020

*/s/ Thomas S. Kleeh*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE